USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/12

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
BERNARD BARNETT,               :    11 Civ. 2736 (LAP)
                               :
          Plaintiff,           :    Memorandum & Order
                               :
     v.                        :
                               :    Related To:
UNITED STATES OF AMERICA,      :    90 Cr. 913 (LAP)
                               :
          Defendant.           :
------------------------------x
```

LORETTA A. PRESKA, Chief United States District Judge:

Petitioner Bernard Barnett ("Barnett" or "Petitioner") makes this motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. [dkt. no. 2.] Petitioner simultaneously moves for my recusal from decision on the pending motion on the grounds that my "impartiality might be reasonably questioned." [dkt. no. 10.] For the following reasons, both motions are DENIED.

I. Background

Petitioner has an extensive history of filings with this Court and other federal district courts. (See Memorandum of Law of the United States of America in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 ("Govt. Opp.") at 1 and Ex. A [dkt. no. 19].) On November 17, 2010, Petitioner filed the instant petition with the Second Circuit Court of Appeals, No. 10-4677-op. (Govt. Opp. at 1.) In February 2011, the Government submitted a letter to the Court of Appeals in the

1

action, evincing its view that Barnett's petition was successive within the meaning of Magwood v. Patterson, 130 S. Ct. 2788 (2010) and Johnson v. United States, 623 F.3d 41 (2d Cir. 2010). (See id. at 2.) On April 20, 2011, the Court of Appeals issued an order that Barnett's proposed motion was not successive owing to his "successful collateral attack on his conviction result[ing] in the 1999 modification of his conviction and sentence" and because every subsequent Section 2255 motion had been treated as successive. [dkt. no. 1.] The Court of Appeals specifically noted, however, that the Government's timeliness argument was for this Court to consider. (See Govt. Opp. at 2.)[1]

II. Analysis

A. Barnett's Motion for Recusal

Barnett moves for my recusal from this action on the grounds that my "impartiality might reasonably be questioned" and for "bias and prejudice." [dkt. no. 10.] Barnett bases this motion primarily on my prior denials of relief to him and the fact that each of his claims is assigned to me as related to his prior claims and his underlying criminal matter, 90 Cr. 913.

---

[1] Contrary to the view apparently espoused in Petitioner's Response to the Prosecutor's Opposition Brief to "Deny" the 28 U.S.C. § 2255 Motion ("Pet. Reply") at ¶ A, [dkt. no. 20], the inquiries into whether Petitioner's motion is "successive" and whether it is "timely" under 28 U.S.C. § 2255(f) are independent. The Court of Appeals decided the former, not the latter.

2

Barnett claims that this creates an irreconcilable conflict of interest.

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." See 28 U.S.C. §§ 455(a), (b)(1). The purpose of these provisions is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988). Courts apply an objective test when applying Section 455(a), asking whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubts that justice would not be done absent recusal." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). The Court of Appeals has cautioned that when answering this question, "the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001); see also Canino v. Barclays Bank, PLC, No. 94 Civ. 6314, 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) ("The statute does not compel disqualification simply on unfounded innuendo concerning

3

the possible partiality of the presiding judge.") (quotation marks and citation omitted).

Here, Barnett's motion unquestionably raises the sort of "unfounded innuendo" that does not form a basis for mandatory recusal under § 455(a). Moreover, the Court cannot agree that prior denials, without more, form the sort of "personal bias or prejudice" that would require recusal under § 455(b)(1). Neither is the Court persuaded that the routine use of one of the Court's standard rules for the division of judicial business (resulting in each of his many collateral attacks on his underlying conviction being assigned to the same judge) results in an intractable conflict of interest. Particularly in light of the Court of Appeals' admonition to scrutinize such requests for recusal with care, Aguinda, 241 F.3d at 201, the Court finds that such request is unfounded in this case. Accordingly, Barnett's motion for recusal is denied. The Court now turns to Petitioner's underlying § 2255 motion.

B. Petitioner's § 2255 Petition is Time Barred

The Court finds that Petitioner's § 2255 motion is time-barred under the one-year statute of limitations provision in 28 U.S.C. § 2255(f), which requires Petitioner's claims be filed within one year of (1) "the date on which the judgment of conviction becomes final," (2) "the date on which the impediment to making a motion created by government action . . . is

4

removed," (3) "the date on which the right asserted was initially recognized by the Supreme Court," and (4) "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." See 28 U.S.C. §§ 2255(f)(1)-(4) (2008). The Court of Appeals has clarified that the relevant date for the purposes of Section 2255(f)(1) is the date on which Barnett's conviction became final following his successful collateral attack and 1999 modification of his conviction and sentence. [See dkt. no. 1.] That date is January 8, 2001, the date on which his petition for a writ of certiorari was denied by the Supreme Court of the United States. (See Govt. Opp. at 4 and Ex. A, at 14.)[2] The instant petition was filed November 17, 2010, (Govt. Opp. at 1), more than nine years after Barnett's judgment of conviction again became final.

---

[2] The Government's submission to the Court of Appeals details this procedural history at length, and is attached to the Govt. Opp. in this proceeding as Exhibit A. Barnett made a successful collateral challenge to his original conviction and sentence in the Middle District of Pennsylvania which granted partial habeas relief on July 21, 1999. Barnett then appealed from the district court's decision not to consider his additional claims for relief, which decision was affirmed by the Court of Appeals for the Third Circuit in an unpublished decision filed July 31, 2000. See Barnett v. Fanello, 229 F.3d 1137 (3d Cir. 2000) (table). Barnett then petitioned for a writ of certiorari, which the Supreme Court of the United States denied on January 8, 2011. See Barnett v. Fanello, 531 U.S. 1084 (2001). At this point, Barnett's judgment of conviction again became final.

5

Similarly, Petitioner may not invoke any of Sections 2255(f)(2)-(4) in excusing his long delay in raising these arguments. First, there has been no government impediment to Petitioner's filing a motion, as is amply demonstrated by Barnett's frequent filings. See 28 U.S.C. § 2255(f)(2). Second, the only Supreme Court doctrines asserted in the petition are the rules announced in LaBonte v. United States, 520 U.S. 751 (1997), and Edwards v. United States, 523 U.S. 511 (1998), which were decided in 1997 and 1998, respectively, more than 12 years prior to the filing of this petition. (See Govt. Opp. at 4; 28 U.S.C. §§ 2255(f)(3).) Finally, the Court agrees with the Government that the underlying facts supporting Petitioner's claims could have been discovered at any time after January 2001. (See Govt. Opp. at 4.) The only changes in "facts" affecting the petition were the rules announced in LaBonte and Edwards, available since 1997 and 1998, respectively. See 28 U.S.C. §§ 2255(f)(4). Applying Section 2255(f), the Court finds that Petitioner's habeas motion is time-barred.

Petitioner does not seriously dispute that this motion is time-barred under 28 U.S.C. § 2255(f). Instead, Petitioner argues that, if time-barred, he should be permitted to argue these claims under 28 U.S.C. § 2241. (See Bernard Barnett Habeas Petition ("Pet.") at 17, ¶ 8 [dkt. no. 2].) Section 2241

provides for grants of writs of habeas corpus generally and, in particular, limits the issuance of writs to prisoners. See, e.g., 28 U.S.C. §§ 2241(c)(1)-(5). The Court of Appeals has recognized that while federal prisoners must generally invoke Section 2255 rather than Section 2241 to challenge the grounds of their incarceration, in "some very limited circumstances" claims substantively falling within Section 2255 may be properly filed under Section 2241. Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003); Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). This is permissible where "remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention," 28 U.S.C. 2255(e), such that "the failure to allow for collateral review would raise serious constitutional questions." Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997). Petitioner argues for inclusion of his petition in this species of claim.

The Court is constrained to reject this argument. Both the Court of Appeals and the district courts in this Circuit have made clear that a Section 2255 claim is not "inadequate" within the meaning of Section 2255(e) merely because a prisoner has not met its procedural requirements, so long as the claim itself was previously available on direct appeal. See, e.g., Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004); see also Eisa v. Immigration & Customs Enforcement, No. 08 Civ. 6204, 2008 WL

4223618, at *5 (S.D.N.Y. Sept. 11, 2008) (a petitioner seeking to invoke Section 2241 on a Section 2255 substantive claim must "assert[] a claim of actual innocence provable on the existing record that could not have been raised at an earlier time"). Here, Petitioner does not argue a claim of actual innocence and raises only arguments that were previously available to him at the time he took his direct appeal from his otherwise final judgment of conviction in the Eastern District of Pennsylvania in July 1999. See supra n.1. Accordingly, having failed to satisfy the procedural requirements in Section 2255(f), he may not now pursue habeas review via Section 2241. See Adams, 372 F.3d at 135. Thus, Petitioner's Section 2255 motion remains time-barred and the Court does not reach the merits of any claims contained therein.

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 motion for habeas relief [dkt. no. 2] and motion for recusal under 28 U.S.C. 455(a) are DENIED. The Clerk of the Court is directed to terminate this civil action.

SO ORDERED.

Dated: New York, New York
March 26, 2012

LORETTA A. PRESKA
Chief U.S. District Judge

8